**This order is SIGNED.**

 

**Dated: June 20, 2017**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: | Case No.: 09-21947 |
| GENE A. SLATER AND JAMIE D. SLATER | Chapter 7 |
| Debtors. | Honorable William T. Thurman |

**MEMORANDUM DECISION REGARDING MOTION FOR SANCTIONS**

The matter before the Court is the *Motion to Reopen Case to Impose Sanctions against Gary Hatch, Cindy Hatch, and Pegasus Construction LLC for Violations Of 11 U.S.C. § 362(a)(6) and the Federal Discharge Order*[1] (the "Motion for Sanctions") filed January 6, 2017, by Debtors, Gene A. Slater and Jamie D. Slater (the "Debtors"), in the above-captioned case.

---

[1] Case No. 09-21947, Docket No. 74, Motion to Re-Open to Impose Sanctions for Violation of the Automatic Stay and Discharge Injunction Against Gary Hatch, Cindy Hatch, and Pegasus Construction LLC. All future references to the Docket will be to Case No. 09-21947, unless otherwise specified.

The Court conducted a preliminary hearing on February 8, 2017, and granted the Debtors' request to reopen the case and issued an order on the same.[2] The Court continued the hearing on the Motion for Sanctions until May 26, 2017, and issued a scheduling order to govern the proceedings.[3]

On May 26, 2017, the Court held an evidentiary hearing on the Motion for Sanctions (the "Hearing") and thereafter took the matter under advisement.[4] At the Hearing, Michael R. Anderson appeared on behalf of the Debtors; T. Jake Hinkins appeared on behalf of Gary Hatch, Cindy Hatch, and Pegasus Construction, LLC ("Hatch" or "Creditors") and any other appearances were noted on the record.

Having reviewed and considered the Motion for Sanctions, the notice of hearing filed in connection with the Motion,[5] the objection to the Motion for Sanctions filed by Hatch[6] (the "Objection"), Debtors' reply to the Objection,[7] documents in support of the Motion for Sanctions

---

[2] Docket No. 79, Order to Reopen Case.

[3] Docket No. 80, Order Governing Scheduling and Preliminary Matters for Motion for Sanctions.

[4] At the Hearing, the Court denied Creditors' Motion to Strike [Docket No. 89] and overruled Creditors Objection to Debtors' Witness and Exhibit List [Docket No. 90]. On June 3, 2017, Creditor filed a *Request to Supplement Evidence* [Docket No. 98] (the "Request") and Debtors filed an objection to the Request [Docket No. 99]. The Request was not set for hearing; however, the Court has reviewed the Request and denies the same as good cause has not been shown to supplement the record with such additional evidence in this matter.

[5] Docket No. 75, Notice of Hearing on Motion to Reopen and Motion for Sanctions.

[6] Docket No. 76, Response to Motion for Sanctions.

[7] Docket No. 77, Reply to Response.

and other relevant matters of record in this case including evidence and oral arguments at the Hearing, **THE COURT FINDS AND CONCLUDES** as follows:[8]

## FINDINGS OF FACT

### A. The 2007 Note

On June 4, 2007, the Debtors and their company Fallgren & Slater LLC ("Fallgren") entered into a transaction with Gary Hatch and Cindy Hatch evidenced by a note in favor of Hatch (the "2007 Note").[9] This transaction related to investments in real property. Debtors failed to pay the amounts owed to Hatch under the 2007 Note.

### B. The 2009 Bankruptcy

This case was filed as voluntary chapter 13 on March 9, 2009, (the "2009 Bankruptcy").[10] Shortly after the filing, Gene Slater informed Gary Hatch of the bankruptcy but stated he would attempt to pay off the 2007 Note.

On June 1, 2009, this case was converted to one under chapter 7.[11] No objections to discharge or dischargeability were filed. On May 11, 2010, the Debtors received a discharge pursuant to 11 U.S.C. § 727(a).[12] On July 21, 2010, the Chapter 7 Trustee, Duane Gillman, issued Final Account of Trustee certifying that there was no property available for distribution

---

[8] The following discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a) for the limited purpose of ruling on the Motion for Sanctions.

[9] *See* Creditors' Exhibit G, Complaint in Case No. 130408372 and Exhibit P, Note dated June 4, 2007.

[10] Docket No. 1, Chapter 13 Voluntary Petition.

[11] Docket No. 24, Order Granting Motion to Convert Case to Chapter 7.

[12] Docket entry on May 11, 2010, Order Discharging Debtor(s).

3

from the estate and the estate was fully administered.[13] On August 23, 2010, the case was closed.[14]

### C. The 2011 Debt owed to Pegasus for Business Obligations

In 2011, Gene Slater and GS&K Properties, LLC (GS&K") entered into various agreements with Pegasus Construction LLC ("Pegasus"), a company controlled by Hatch, to provide material and work with regard to real estate ventures.[15] The debt totaled $102,900.00 (the "2011 Debt"). Gene Slater and GS&K paid $73,710.74 over time and during the years 2011 and 2012.[16] The amount owed on account of the 2011 Debt was $29,189.26.[17] Gene Slater and GS&K did not pay Pegasus for the remaining amount due.[18]

### D. The State Court Action

On July 2, 2013, Hatch filed a civil action relating to the 2007 Note and 2011 Debt against Gene Slater; Slater Investments LLC ("Slater Investments"); Fallgren; GS&K; and Slater Investment Properties of Utah, LLC ("Slater Properties of Utah" and together with Gene Slater, Slater Investments, Fallgren, GS&K, the "State Action Defendants") in the Utah Third Judicial Court in Salt Lake County (the "State Court"), Case No. 130408372 (the "State Action").[19] On

---

[13] Docket entry dated July 21, 2010, Chapter 7 Trustee's Report of No Distribution. This docket entry is commonly referred to as the "No Asset Report".

[14] Docket entry dated August 23, 2010, Order Closing Case.

[15] See Creditors' Exhibit N, Pegasus Construction Estimates.

[16] This amount is commutated based on Creditors' Exhibits N and M.

[17] See Creditors' Exhibit M, Pegasus Construction Statements.

[18] Id.

[19] See Creditors' Exhibit D, Docket from case in the Third Judicial District Court in and for Salt Lake County, State of Utah entitled Gary Hatch et al v Gene Slater, et al, ("Case No. 130408372") and Creditors' Exhibit G, Complaint in Case No. 130408372.

4

September 23, 2013, Hatch filed an affidavit confirming completion of service of the summons and complaint on Gene Slater.[20] On October 8, 2014, the State Court entered a default judgment in the State Action against the State Action Defendants (the "Default Judgment").[21] The Default Judgment against the State Action Defendants in favor of Gary Hatch and Cindy Hatch for breach-of-contract and breach-of-implied-covenant claims is in the amount of $480,000.00 for the 2007 Note (the "2007 Note Judgment"). The Default Judgment against the State Action Defendants in favor of Pegasus for breach-of-contract and breach-of-implied-covenant claims is in the amount of $29,189.26 for the 2011 Debt (the "2011 Debt Judgment"). No claims of fraud were alleged. Both default judgments were included in one document.[22]

The State Court also granted declaratory relief in the Default Judgment, piercing the corporate veil and establishing Slater Investments, Fallgren, GS&K, and Slater Properties of Utah as Gene Slater's alter-ego.

### E. The 2015 Bankruptcy

On September 24, 2015, Hatch learned that Gene Slater was employed at Red Mat, Inc. ("Red Mat") and applied for and obtained a writ of garnishment from the State Court.[23] On October 31, 2015, Debtors filed a voluntary chapter 13 bankruptcy case (the "2015 Bankruptcy").[24] On November 5, 2015, before Hatch received any proceeds from Red Mat on

---

[20] *Id*.

[21] *See* Creditors' Exhibit E, Default Judgment entered in Case No. 130408372.

[22] *Id.*

[23] *See* Creditors' Exhibit D.

[24] Case No. 15-30297-RKM.

5

the wage garnishment, Hatch received notice of the Debtors' 2015 Bankruptcy case.[25] On that same day, Gene Slater personally notified Hatch of the 2015 Bankruptcy and Hatch discontinued any wage garnishment efforts from Red Mat. Gene Slater did not discuss his 2009 Bankruptcy with Hatch at this time. On March 1, 2016, Debtors' 2015 Bankruptcy was dismissed.[26]

Pegasus filed a proof of claim for the amount of $29,189.26, on account of the 2011 Debt Judgment in the 2015 Bankruptcy.[27] Pegasus did not include the 2007 Note Judgment in the 2015 Bankruptcy proof of claim.

### F. Debtors' Motion to Set Aside Default Judgment

On August 24, 2016, Gene Slater filed a motion to set aside the Default Judgment entered October 8, 2014, in the State Action. He argued, in pertinent part, that the Default Judgment should set aside because of the 2009 Bankruptcy and related discharge order issued in 2010. Hatch argued in the Objection that this was the first time Gene Slater informed the State Court and Hatch of the 2009 Bankruptcy. However, at the Hearing on the present Motion for Sanctions, Cindy Hatch testified that she was aware of the 2009 Bankruptcy before the filing of the State Action on July 2, 2013.

On November 8, 2016, the State Court entered an order denying Gene Slater's motion to set aside the Default Judgment and found that Gene Slater:

> [F]ailed to provide sufficient argument or legal basis for the court to find that the judgment entered in [the] matter in 2014 should be set aside based on his 2010 bankruptcy discharge. The court cannot find that the bankruptcy would somehow void the judgment in [the] matter. Rather, the Court finds that the allegations of

---

[25] *See* Exhibit C to Objection, Fax dated November 5, 2015.

[26] Case No. 15-30237, Docket No. 21.

[27] *See* Proof of Claim No. 2. Case No. 15-30237.

6

fraud, post bankruptcy payments and alter ego made by the Plaintiffs cause the judgment to fall outside the bankruptcy.[28]

On November 22, 2016, Gene Slater appealed the State Court order denying the motion to set aside the Default Judgment to the Supreme Court of Utah, Case No. 20160972.[29] The matter was transferred to the Utah Court of Appeals for Disposition.[30] On December 2, 2016, a motion to stay pending appeal was filed by Gene Slater and the State Court ruled on February 3, 2017, that the matter would be stayed if the State Court Defendants filed a $50,000.00 bond.[31] No bond was obtained. As a result, on December 5, 2016, Hatch applied for and obtained a writ of garnishment and began garnishing the bank account of Gene Hatch.[32] The Court has not been apprised of any other ruling from the Utah Court of Appeals regarding this matter.

### G. Motion for Sanctions

On January 6, 2017, Debtors filed the present Motion for Sanctions and request to reopen the case. On February 10, 2017, the case was reopened by this Court for the sole purpose of considering the Motion for Sanctions.[33]

The Debtors argue that they received a discharge in their 2009 Bankruptcy case on May 11, 2010; Hatch filed the State Action against Debtors on July 2, 2013, on debts that arose in

---

[28] Creditors' Exhibit F, Order Denying Defendant's Motion to Set Aside Judgment in Case No. 130408372.

[29] *See* Creditors' Exhibit D.

[30] *Id*.

[31] *Id*.

[32] *Id*. Based on the testimony of Mr. Slater, the total amount of wage garnishment is approximately $1,300.00; however, Mr. Slater was unsure of the exact amount.

[33] Docket No. 79, Order to Reopen Case.

2007 – which was prior to the filing of the 2009 Bankruptcy and subsequent discharge; and thus, Hatch has violated the automatic stay and the discharge injunction.

Debtors did not list Hatch on their schedules in the 2009 Bankruptcy; however, Debtors and Gary Hatch and Cindy Hatch were neighbors and friends at the time and Hatch received notice of the 2009 Bankruptcy when Gene Slater personally told them about the bankruptcy case in 2009. The court finds Gene Slater's testimony credible on that point. Further, Cindy Hatch testified that she knew of the 2009 bankruptcy when she discussed commencing the State Action with her attorney in 2013.

Debtors seek 1) entry of an order pursuant to 11 U.S.C. § 362[34] setting forth that the automatic stay provisions apply to Hatch; 2) sanctions against Hatch for violation of the §§ 362 and 524 in the amount of $100,000.00; 3) entry of an order stating that all funds taken by Hatch in violation of §§ 362 and 524 be refunded to the Debtors; 4) entry of an order rendering the Default Judgment *void ab initio* pursuant to § 524(a) and 5) reimbursement of all of attorney's fees and costs to defend the State Action and for filing the Motion for Sanctions.

Hatch argues in the Objection that the Motion for Sanctions should be denied because 1) Gene Slater's liability pursuant to the Default Judgment did not arise until October 8, 2014, when the State Court made a finding of alter ego and thus Gene Slater's alter ego liability could not have been discharged in his 2009 Bankruptcy; 2) the Debtors' 2009 Bankruptcy did not discharge or adjudicate the debts of their companies Slater Investments, Fallgren, GS&K, and Slater Properties of Utah and corporate debts cannot be discharged in bankruptcy; and 3) if the Court finds the debt to Hatch was incurred prior to the 2009 Bankruptcy, the Debtors failed to

---

[34]All subsequent statutory references are to Title 11 of the United States Code unless otherwise indicated.

list Hatch on their 2009 Bankruptcy schedules and did not provide Hatch with notice so they could timely challenge the dischargeability of the debt. Hatch also argues that Debtors failed to properly serve the Motion for Sanctions on Hatch as required by Fed.R.Bankr.P. 9013.

At the hearing, Hatch argued that 1) the 2011 Debt for $29,189.26 arose after the 2009 Bankruptcy and thus was not discharged; and 2) the Default Judgment was based in part on the 2007 Note and the 2011 Debt and thus collection on the Default Judgment for the 2011 Debt did not violate the discharge injunction.

## CONCLUSIONS OF LAW

### A. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105 and 524. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (I) and (O). Notice of the Hearing is proper in all respects.

### B. The 2007 Note is a "debt discharged under section 727" to which § 524(a) applies as a matter of law.

In a Chapter 7 case, § 727(b) discharges a debtor "from all debts that arose before the date of the order for relief" except as provided in § 523. Section 524 applies to any "debt discharged under section 727" and operates as an injunction against the commencement or continuation of an action, or an act, to collect, recover or offset any personal liability of a debtor.

Section 524(a) "prevents any act intended to cause a debtor to repay a discharged debt, including legal proceedings, letters, phone calls, threats of criminal proceedings or similar actions."[35] Section 524 works "to prevent a debtor from being pursued for the payment of

---

[35] *Peyrano v. Sotelo (In re Peyrano)*, 558 B.R. 451, 457 (Bankr. E.D. Okla. 2016).

discharged debts, precluding virtually all actions by a creditor to collect personally from the debtor."[36]

The Debtors received a discharge under § 727(a), and the scope of that discharge is set forth in § 727(b). The 2007 Note debt is a prepetition debt and, therefore, unless it is nondischargeable under § 523, it was discharged by operation of law pursuant to § 727.[37] Section 523(a)(3)(A), however, does not apply to except the 2007 Note debt from discharge, even though Hatch argued in the Objection that they did not have notice or actual knowledge of the Debtors' 2009 Bankruptcy case until August 24, 2016, (which Cindy Hatch later testified to the contrary).

In *In re Parker*, the Tenth Circuit Court of Appeals held that "§ 523(a)(3)(A) does not apply to except unscheduled debts from discharge in no asset cases where no deadline to file proofs of claim is set, because unscheduled creditors can file 'timely' proofs of claim if assets become available for distribution."[38] The Debtors' case was administered as a no asset case with no set claims bar date and, therefore, Hatch was not deprived the opportunity to file a timely proof of claim. "[E]quitable considerations," such as the Debtors' reasons for failing to schedule Hatch, "do not impact the dischargeability" of the 2007 Note debt under § 523(a)(3)(A).[39] Further, the causes of action in the State Action are devoid of any allegation of fraud that would implicate pertinent sections of 523.

---

[36] *Id.* (citing Norton Bankruptcy Law & Practice 3d, § 58:2 (2016); *Walker v. Wilde (In re Walker)*, 927 F.2d 1138, 1142 (10th Cir. 1991)).

[37] *See Pritner v. COFCO Credit Co., LLC (In re Pritner)*, 323 B.R. 802 (10th Cir. BAP 2005)(unpublished decision).

[38] *Id.* (citing *In re Parker,* 313 F.3d 1267, 1268–69 (10th Cir. 2002)).

[39] *In re Parker*, 264 B.R. at 694–95.

*In re Parker* is controlling in this Circuit and the fact that the 2007 Note debt was not scheduled does not mean that Hatch could collect on it. Although the 2007 Note debt cannot be excepted from discharge under § 523(a)(3)(A) it has been "discharged by operation of law under § 727(b)."[40] Accordingly, the 2007 Note debt is a debt discharged under section 727 to which § 524(a) applies as a matter of law.

The argument of Hatch that the debt arose in October 8, 2014, when the Default Judgment was entered based on alter ego does not change this conclusion because the Default Judgment was based, in part, on the 2007 Note debt that was discharged in 2010 under § 727.[41] Moreover, the Default Judgment entered in the State Action, which is a "determination of personal liability of the debtor[s] with respect to" the discharged 2007 Note debt, is void as a matter of law pursuant to section 524(a)(1).[42] "A void judgment has no effect"[43] and, therefore, the Default Judgment cannot be enforced.

### C. The 2011 Debt is not a "debt discharged under section 727" to which § 524(a) applies as a matter of law.

---

[40] *In re Parker*, 313 F.3d at 1269 (quoting *In re Parker*, 264 B.R. at 695).

[41] "Pursuant to § 727(b), the Debtor receives a discharge *from all debts that arose before the date of the order for relief* under Chapter 7." *Id.* at 1268–69 (emphasis added).

[42] *See In re Pritner*, 323 B.R. 802 (B.A.P. 10th Cir. 2005)

[43] *In re Pritner*, 323 B.R. 802 (B.A.P. 10th Cir. 2005) (citing *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 (10th Cir. 1994) (order in violation of the automatic stay is void and "without effect")); *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371 (10th Cir. 1990) (by way of analogy, a void judgment under 362 should be void under 524 as both sections are intended to provide relief from pre-petition claims); *Kalb v. Feurstein*, 308 U.S. 433, 438 (1940) (state court orders are void and without effect if entered after bankruptcy commenced)).

The 2011 Debt for $29,189.26 was not a debt discharged under § 727 because it arose after the 2009 Bankruptcy and resulting discharge.

The State Action was based in part on the 2007 Note debt and the 2011 Debt. Hatch obtained one Default Judgment on both debts and not just the 2011 Debt. Hatch did not include the 2007 Note debt in their proof of claim in the Debtors' 2015 bankruptcy case which is evidence that Hatch only intended to collect on the portion of the Default Judgment relating to the 2011 Debt. However, as explained below, the piecemeal approach of the State Action and resulting Default Judgment is irrelevant in light of the fact that Hatch initiated the State Action on account of the 2007 debt that was discharged.

### D. The automatic stay provisions of § 362 do not apply because the Debtors' discharge supersedes any automatic stay.

"The automatic stay prevents the collection of prepetition debts during the pendency of the bankruptcy case, while the discharge injunction prohibits efforts to collect a discharged debt as a personal liability of the debtor."[44] This case was reopened on February 10, 2017. There have been no filings in the State Action since February 3, 2017, and collection efforts by Hatch have stopped.[45] Therefore, although the Debtors argued the same, the automatic stay provisions are inapplicable to this matter.

### E. Sanctions and Damages

A violation of Section 524 does not create a cause of action for damages itself. Violations of § 524 are treated as civil contempt. Under § 105(a), "bankruptcy courts have the equitable

---

[44] *White v. Cannon Federal Credit Union (In re White)*, No. 10-14503 TR7, 2016 WL 3177247, at *3 (Bankr. D.N.M. June 3, 2016) (citing *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1309 n. 6 (10th Cir. 2008); 11 U.S.C. §§ 362, 524).

[45] *See* Creditors' Exhibit D.

power to enforce and remedy violations of substantive provisions of the Bankruptcy Code, including in particular the discharge injunction in § 524(a)(2)."[46] To hold a party in contempt under § 105, the burden is on "the movant to show by clear and convincing evidence that the creditor (1) had actual or constructive knowledge of the discharged debt and (2) intended the actions which were taken in violation of the injunction."[47] Courts have generally awarded actual damages, attorney fees, and punitive damages as a sanction where a willful violation of the discharge injunction occurs.[48] Courts have found that a creditor's good faith is not relevant when deciding whether there was a violation of §§ 362 or 524.[49]

Here, Hatch had actual knowledge of the 2009 Bankruptcy because Gene Slater gave notice to Gary Hatch in 2009. This clearly establishes that Hatch had notice and actual knowledge of the discharge issued to Debtors in 2010 prior to filing the State Action. Moreover, Cindy Hatch testified that she had notice of the 2009 Bankruptcy before filing the State Action. Notice to Gary and Cindy Hatch in their individual capacities was sufficient to give notice to their business Pegasus. Accordingly, the evidence is clear and convincing that Hatch had actual knowledge of the discharged debt and intended the actions which were taken in violation of the injunction.

---

[46] *In re Paul*, 534 F.3d 1303, 1306 (10th Cir. 2008) (citations omitted). *See also In re Schott*, 282 B.R. 1, 5–6 (10th Cir. BAP 2002) ("A creditor who attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the discharge order. The bankruptcy court has the power to impose civil sanctions on those in contempt of its orders.").

[47] *In re Peyrano*, 558 B.R. at 457 (citations omitted).

[48] *Culley v. Castleberry (In re Culley)*, 347 B.R. 115 (10th Cir. BAP 2006) (unpublished decision). *See also* Collier on Bankruptcy (16th ed.) ¶ 524.02.

[49] *See Johnson v. Johnson (In re Johnson),* 501 F.3d 1163, 1172 (10th Cir. 2007); *In re Distad,* No. 07-02047, 2009 WL 1324037, at *6 (Bankr. D. Utah May 8, 2009).

The argument of Hatch that they only attempted to collect on the portion of the Default Judgment which included the 2011 Debt does not change this analysis. The filing of the State Action on account of the 2007 Note, a discharged debt, is a clear violation of the discharge injunction and the State Action and resulting Default Judgment cannot be piecemealed.

The Court finds that a refund of all wages garnished by Hatch and an award of attorney fees and costs is appropriate for violation of § 524. The Court declines to award punitive damages against Hatch.

## CONCLUSION

The 2007 Note debt was discharged in 2010 under § 727 to which § 524(a) applies as a matter of law. Hatch knew of the Debtors' 2009 Bankruptcy and filed the State Action in 2013 to collect the 2007 Note debt. Therefore, the Court concludes that Hatch should be placed in civil contempt for violation of the discharge injunction of 11 U.S.C. § 524. The Default Judgment in the State Action is void pursuant to § 524(a).[50]

The Court also concludes that Hatch should be liable to Debtors for actual damages for all wages garnished, as well as costs and reasonable attorney fees incurred by the Debtors in bringing the Motion for Sanctions before this Court to enforce the discharge order in an amount to be determined.[51]

---

[50] Although an argument could be made that only part of the Default Judgment relating to the 2007 Note is void, the Court determines that carving the Default Judgment up as to void and not void would be problematic. Since the Default Judgment includes both discharged and non-discharged obligations, the Court deems the entire Default Judgment void for the reasons set forth herein. The Court makes no findings or conclusions as to whether Hatch could seek current enforcement of the 2011 Debt or some other modifications of the Default Judgment from the State Court to make the judgment compliant with §§ 524 and 523.

[51] Although there was some testimony regarding the amounts of wages garnished, the evidence on the same was, in the opinion of the Court, inadequate to quantify the same.

The Court will enter a separate order setting deadlines for Debtors' counsel to file an accounting of all wages garnished and a verified application for attorney fees and costs and for Hatch's response.

A separate judgment in favor of Debtors for actual damages and attorney fees and costs shall be entered after the amount of wages garnished, attorney fees and expenses is determined.

**[END OF DOCUMENT]**

# DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION REGARDING MOTION FOR SANCTIONS** shall be served to the parties and in the manner designated below:

**By Electronic Service:** ECF LIST

- Michael Richard Anderson    ma@ascentlawfirm.com, lea@guardian-law.com
- Darwin H. Bingham    dbingham@scalleyreading.net, cat@scalleyreading.net
- Duane H. Gillman    dhgnotice@djplaw.com
- Duane H. Gillman tr    dhgnotice@djplaw.com, ut02@ecfcbis.com
- Andrew Goldberg    Bkmail@rosicki.com
- Kurt W Laird    kurt@andersonhinkins.com
- David E. McAllister    ecfutb@aldridgepite.com, dem@ecf.inforuptcy.com;dmcallister@aldridgepite.com
- Richard C. Terry    richard@tjblawyers.com, cbcecf@yahoo.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- James H. Woodall    jwoodall@carrwoodall.com, angela@carrwoodall.com;brad@carrwoodall.com
- Mark S. x2Middlemas    LundbergECFmail@Lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com
- Gale K. x3Francis    txbk13@utah.gov
- Mark S. x3Middlemas    LundbergECFmail@Lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com

**By U.S. Mail/ Manual Notice List**:

Jeremy D. Eveland
Eveland & Associates, PLLC
8833 South Redwood Road
Suite C-2
West Jordan, UT 84088